UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENA FOSTER,

    Plaintiff,                                     No. 17-13687

v.                                                 District Judge Terrence G. Berg
                                                       Magistrate Judge R. Steven Whalen

JAMES FLEMING and DONNA
TORRES,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

On November 13, 2017, Plaintiff Eugena Foster filed a *pro se* civil complaint alleging violation of her rights under the Americans with Disabilities Act. Before the Court is Defendant James Fleming and Donna Torres' Motion to Dismiss [Doc. #12], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)91)(B). For the reasons discussed below, I recommend that the motion be GRANTED.

**I.    FACTS**

Ms. Foster filed her *pro se* complaint on Form MIED ProSe 7, a form that asks a plaintiff that is filing without the assistance of a lawyer to provide specified relevant information about his or her case, including the factual and jurisdictional basis of the claim. Ms. Foster indicated that she was bringing suit under the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12112 to 12117. Under the section IIIA of the form, indicating "the discriminatory conduct of which I complain," she checked "Unequal terms and conditions of my employment" and "retaliation." Under section IIID, she

stated that her disability or perceived disability was "Stated not fit for duty, couldn't see." In the factual section, Ms. Foster stated as follows:

> "Since July 2015 I have been subjected to harassment via offensive comments like why don't you retire. On July 20, 2016 I was placed on leave of absence without pay for no apparent reason. August 3, 2016 sent to HFH for fit for duty status (vision). Denied overtime opportunity. October 5, 2016 called into Director's Ofc and my disability was discussed in f/o a civilian.

In section V of the form, entitled "Relief," Ms. Foster wrote nothing.

The Defendants seek dismissal under Fed.R.Civ.P. 12(b)(5) (improper service of process) and Fed.R.Civ.P. 12(b)(6) (failure to state a claim on which relief can be granted).

## I. STANDARD OF REVIEW[1]

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the

---

[1] Defendants' argument that service was improper is based on Plaintiff having sent copies of the summons and complaint, via Federal Express, to the wrong address. The Court ordered service by the United States Marshal on January 4, 2018 [Doc. #6], but the Defendants have still not been served. A dismissal for failure to timely serve would be without prejudice. Nevertheless, because this complaint is dismissible with prejudice under Rule 12(b)(6), it is not necessary to address the service of process issue. I will therefore limit the standard of review to Rule 12(b)(6).

complaint are true." *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal citations omitted).

### III. DISCUSSION

We know certain facts from Ms. Foster's complaint. We know that she worked (and is apparently still working) in some capacity for the Detroit Police Department. Someone (not named) made offensive comments to her about retiring. For unknown reasons she was given an unpaid leave of absence, and was denied the opportunity to work overtime. She has vision problems, which is her claimed disability, and she

discussed that with the Director after a fitness for duty examination.

That is all we know from this complaint, and while it may establish that she has a vision-based disability, it is insufficient to state a plausible claim of disability discrimination under the ADA. Fed.R.Civ.P. 8(a)(2), as discussed in *Iqbal*, requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Ms. Foster does not state how her rights under the ADA were violated. For example, she does not say that she was denied an accommodation. In fact, in her response to this motion [Doc. #14], she states that her own doctor, as well as a doctor with the City of Detroit "allowed her to return to work with restrictions," and that she was re-assigned to a different department.[2] She checks the box indicating that she suffered retaliation, but there are no facts that would indicate how the retaliation occurred. That claim is purely conclusory. More importantly, the factual section of her complaint does not allege how these Defendants had any personal involvement in any discriminatory act under the ADA. Defendant Fleming is identified earlier as the "Director," and the factual section states only that Ms. Foster's disability "was discussed" in the Director's office. This falls far short of the *Iqbal* requirement that a complaint show a factually plausible claim for relief. There is no information as to what Director Fleming did, when she did it, or how it constituted a violation of the ADA. Defendant Torres, who is earlier identified as a "Captain," is not even mentioned in the factual section of the complaint.

In addition, Fed.R.Civ.P. 8(a)(3) requires "a demand for the relief sought...." Further, "[t]he purpose of Rule 8(a)(3) is to provide the defendant with adequate notice of what relief is sought." *Niecko v. Emro Mktg. Co.*, 769 F. Supp. 973, 991 (E.D. Mich.

---

[2] Ms. Foster's response is in the form of a letter, which I consider perfectly acceptable for a *pro se* litigant.

1991), aff'd, 973 F.2d 1296 (6th Cir. 1992), citing *Bartz v. Carter*, 709 F.Supp. 827, 829 (N.D.Ill.1989).  Relevant to Rule 8(a)(3), Section V of the complaint form requests the following information from a plaintiff:

> "State briefly and precisely what damages or other relief the plaintiff asks the court to order....Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages."

In response to this section, Ms. Foster wrote nothing.  Her response to this motion [Doc. #14] is likewise silent as to the basis for her claim, the personal involvement of these Defendants, or the specific damages she is seeking.  The Defendants are not only without plausible information as to what is being claimed, but they have not been given the required notice of what relief Ms. Foster is seeking.

For these reasons, the complaint should be dismissed under Rule 12(b)(6) and *Iqbal*.

## IV.    CONCLUSION

I recommend that Defendants' Motion to Dismiss [Doc. #12] be GRANTED and that the complaint be DISMISSED WITH PREJUDICE.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.

1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1991).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: January 28, 2019

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 28, 2019, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen